**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Ludwing GONZALES–MANZANARES,**
**Defendant–Appellant.**

No. 13–40584
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

May 20, 2014.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Timothy William Crooks, Assistant Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM: * ·

Defendant–Appellant Ludwing Gonzales–Manzanares pleaded guilty of being found in the United States without permission, following removal. He was sentenced to a 70–month term of imprisonment. On appeal, he argues that the district court committed reversible plain error by assessing one criminal history point for his prior conviction of simple criminal damage to property. He contends that the prior conviction should have been excluded from the criminal history calculation pursuant to U.S.S.G. § 4A1.2(c)(1).

To show plain error, an appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States,* 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* Gonzales–Manzanares has not met that

---

standard because he has not shown that the district court's inclusion of the criminal history point constituted clear or obvious error. *See United States v. Hardeman*, 933 F.2d 278, 281 (5th Cir.1991).

The judgment of the district court is AFFIRMED.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.